**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLES CASTON,                          )
aka ELIJAH MUHAMMAD, JR.,                )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     Civil Action No.
                                         )
PRESIDENT GEORGE W. BUSH, *et al.*,      )         **08 0934**
                                         )
            Defendants.                  )

### MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(E)(1)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges that defendants, among whom are the White House Chief of Staff, the Postmaster General, the Asian Chamber of Commerce, and several federal government agencies,

violated unspecified rights guaranteed by the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution. Compl. at 1. In addition, plaintiff seeks a temporary restraining order against President Bush on the grounds that he assaulted, threatened, stalked, and sexually assaulted plaintiff. *Id.*, Attach. (Application and Declaration for Order (Domestic Violence Protection)). Lastly, plaintiff appears to accuse unspecified defendants of physically attacking him, attempting to murder unidentified victims, and other assorted offenses. *Id.*, Attach. ("Charges for Injunction"). Plaintiff demands an "injunction to restrain defendants from domestic violence, and to seize all property used for domestic violence and criminal activity." *Id.* at 1.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, it appears that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. Plaintiff's motion for a temporary restraining order will be denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

Date: 5|15|08